PROB 12B
(7/93)

# United States District Court

for

## District of New Jersey

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender

*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Lenormandy Rawls                           Cr.: 10-CR-100-JBS
                                                            PACTS Number: 50401

Name of Sentencing Judicial Officer: Clarence C. Newcomer, U.S. District Judge (ED/PA)
Name of Current Judicial Officer: Jerome B. Simandle, U.S. District Judge

Date of Original Sentence: 10/12/95
Transfer of Jurisdiction: 02/09/10

Original Offense: Count 1: Attempted Armed Carjacking
                  Count 2: Carrying a Firearm During and in Relation to a Violent Crime

Original Sentence: 57 months imprisonment for Count : to be served consecutive to 60 months imprisonment for Count 2.

Special Conditions: Drug testing/treatment and a $2,000.00 fine

Type of Supervision: Supervised Release            Date Supervision Commenced: 05/04/09

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows. The addition of the following special condition(s):

The defendant is to be confined to his residence for a period of 6 months commencing at the direction of the U.S. Probation Office. The defendant shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures. The defendant shall permit the probation officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. The defendant shall comply with any other specific conditions of home confinement as the probation officer requires. The defendant shall pay the costs of electronic monitoring, specifically $3.18 per day.

## CAUSE

On January 13, 2010, the offender submitted an instant urine sample that tested positive for the presence of cocaine and marijuana. The offender admitted he used cocaine and marijuana on or about January 10, 2010, and signed an Admission to Drug Use form.

On February 16, 2010, the offender submitted an instant urine sample that tested positive for the presence of cocaine and marijuana. The offender admitted he used marijuana on or about February 7, 2010, and signed an Admission to Drug Use form. The Court will note that this urine sample was confirmed positive for cocaine and marijuana via laboratory analysis.

On February 22, 2010, the offender submitted an instant urine sample that tested positive for the presence of cocaine and marijuana. The offender admitted he used cocaine on or about February 13, and again on February 20, 2010, and signed an Admission to Drug Use form.

On March 9, 2010, the offender submitted an instant urine sample that tested positive for the presence of cocaine and marijuana. The offender admitted he used cocaine and marijuana on or about March 5, 2010, and signed an Admission to Drug Use form.

The offender failed to report for random urine testing as directed by the U.S. Probation Office on January 6, and February 8, 2010. The offender also failed to report for his substance abuse evaluation on February 8, 2010.

During the month of February 2010, the probation officer discovered information that the offender traveled to Orlando, Florida in January 2010. On March 9, 2010, the offender was confronted with this information and he admitted he traveled to Orlando, Florida in January 2010 to visit his bother, Steve Rawls. The Court will note that the offender did not have permission or seek permission from the probation officer to travel to Orlando, Florida in January 2010. Also, the offender denied any out of district travel to this officer on his January 2010 Monthly Supervision Report.

During the month of February 2010, the probation officer discovered information that the offender obtained and was operating a 2004 Lincoln LS. On March 9, 2010, the offender was confronted with this information and he admitted he received the 2004 Lincoln LS in December 2009, as a gift from his girlfriend. The Court will note that the offender denied operating any motor vehicles on his December 2009, January and February 2010 Monthly Supervision Reports.

The offender has failed to make payments towards his fine during the months of May, June, July, August, October, November, and December 2009, as well as January, and February 2010. The offender last made a $200.00 payment on September 3, 2009. The offender still owes a fine balance of $366.62.

On March 11, 2010, this officer met with the offender and informed him he has a right to a hearing before any unfavorable changes are made to his supervised release. The offender acknowledged same and chose to execute a Waiver of a Hearing Form to Modify the Conditions of Supervised Release, and agreed to the proposed modification of six months home confinement with electronic monitoring (self-pay), absent a court hearing. This added condition is designed to increase the offender's accountability to this office, allow him to continue with his substance abuse treatment, and address his areas of non-compliance.

PROB 12B - Page 3
Lenormandy Rawls

Respectfully submitted,

By: Daniel J. Carney
U.S. Probation Officer
Date: 03/11/10

THE COURT ORDERS:

[✓] The Modification of Conditions as Noted Above
[ ] The Extension of Supervision as Noted Above
[ ] No Action
[ ] Other

Signature of Judicial Officer

March 15, 2010
Date

PROB 49
(3/89)

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel,' I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To modify the conditions of supervision as follows. The addition of the following special condition(s):

The defendant is to be confined to his residence for a period of 6 months commencing at the direction of the U.S. Probation Office. The defendant shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures. The defendant shall permit the probation officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. The defendant shall comply with any other specific conditions of home confinement as the probation officer requires. The defendant shall pay the costs of electronic monitoring, specifically $3.18 per day.

Witness: _____  Signed: _____
U.S. Probation Officer                        Probationer or Supervised Releasee
Daniel J. Carney                              Lenormandy Rawls

3/11/10
DATE